# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

LADELL WHEELER,

    Petitioner,

v.                                                        Case No. 3:23-cv-5783-LC-MJF

RICKY D. DIXON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Ladell Wheeler, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, with supporting memorandum. Docs. 7, 8. Respondent moves to dismiss the petition as untimely. Doc. 17. Wheeler has not opposed the motion and his deadline to respond was November 20, 2023. Doc. 18. The undersigned concludes that no evidentiary hearing is required and that Wheeler's petition should be dismissed because it is time-barred.

### I. BACKGROUND AND PROCEDURAL HISTORY

In Escambia County Circuit Court Case No. 2015-CF-2669, Wheeler was convicted of Attempted Robbery with a Firearm; Possession

of a Firearm with Serial Number Altered or Removed; and Resisting an Officer Without Violence. Doc. 17, Ex. A at 96-105 in ECF.[1] The trial court sentenced Wheeler to 20 years of imprisonment in state prison for the attempted robbery, and consecutive 1-year terms of imprisonment in the county jail for the firearm and resisting offenses. *Id.* The Florida First District Court of Appeal ("First DCA") affirmed the judgment on June 8, 2017, without written opinion. *Wheeler v. State*, No. 1D16-5306, 227 So. 3d 575 (Fla. 1st DCA 2017) (Table) (per curiam) (copy at Ex. E). Wheeler did not seek further direct review. Ex. I.

On March 15, 2018, Wheeler filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Ex. G. The state circuit court denied the motion on March 29, 2018. Ex. H. Wheeler did not appeal. Ex. I.

On June 13, 2019, Wheeler filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Ex. J at 9-29, 33-62 in ECF. The state circuit court denied the motion. *Id.* at 63-69 in ECF. The First DCA affirmed in an unelaborated

---

[1] Citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 17.

Page 2 of 12

decision issued without opinion. *Wheeler v. State*, No. 1D21-828, 331 So. 3d 693 (Fla. 1st DCA 2021) (Table) (per curiam) (copy at Ex. M). The mandate issued January 27, 2022. Ex. N. Wheeler attempted to seek review of the First DCA's decision in the Florida Supreme Court by filing a "Belated Notice of Appeal" and a separate "Notice to Invoke Discretionary Jurisdiction." Exs. O, Q, On December 21, 2022, the Florida Supreme Court dismissed both cases for lack of jurisdiction. *Wheeler v. State*, No. SC22-1771, 2022 WL 17825339 (Fla. 2022) (copy at Ex. P); *Wheeler v. State*, No. SC22-1772, 2022 WL 17825340 (Fla. 2022) (copy at Ex. R).

Wheeler filed his original federal habeas petition on March 7, 2023. Doc. 1. Wheeler's amended petition raises five claims of ineffective assistance of trial counsel and one claim of trial-court error. Doc. 7.

## II. Discussion

### A. The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Wheeler's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for

a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

### B.  <u>Wheeler's Habeas Petition Is Untimely</u>

Wheeler does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered

through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Wheeler's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Wheeler did not seek further direct review in the United States Supreme Court. Accordingly, Wheeler's judgment became "final" for purposes of 2244(d)(1)(A), on September 6, 2017, when the 90-day period to file a certiorari petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the United States Supreme] Court . . . expires.").

The federal habeas limitations period began to run one day later, on September 7, 2017, and was set to expire one year later absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (AEDPA's limitations period begins to run on the day *after* the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's limitations period should be calculated according to the

"anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Wheeler allowed 189 days of the limitations period to run before filing his Rule 3.800(a) motion on March 15, 2018. As a result of the filing of that motion, the limitations period was statutorily tolled from March 15, 2018 (the date the motion was filed) until April 30, 2018 (the date the 30-day appeal period expired). *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1384 (11th Cir. 2006) (a state postconviction motion remains "pending" for purposes of § 2244(d)(2), for the time during which the petitioner could have appealed from the trial court's ruling, even if the petitioner did not seek appellate review).[2]

The limitations period started running again on May 1, 2018, and expired 176 days later on October 23, 2018. Wheeler's later-filed Rule 3.850 motion and postconviction appeal did not trigger the tolling benefit of § 2244(d)(2), because the limitations period already had expired.

---

[2] In Florida, a state prisoner has 30 days to appeal an order denying a Rule 3.800(a) motion. *See* Fla. R. Crim. P. 3.800(a)(4). Because in this case the 30th day was Saturday, April 28, 2018, Wheeler had until the following Monday, April 30, 2018, to file a notice of appeal. Fla. R. App. P. 9.420(e); Fla. R. Gen. Prac. & Jud. Admin. 2.514(a).

*Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state-court application for postconviction relief cannot toll the federal habeas limitations period if the period already has expired); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Wheeler's later filings also did not reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Wheeler's § 2254 petition, filed on March 7, 2023, is untimely *by over four years*.

### C. <u>Wheeler's Untimely Petition Should Be Dismissed</u>

Wheeler's supporting memorandum mentions restrictions on inmates' access to the law library at the South Bay Correctional Facility in 2020 due to the COVID-19 pandemic. Doc. 8 at 1-2. Liberally construing these allegations as an argument for equitable tolling, Wheeler fails to meet his burden of demonstrating that he is entitled to that "extraordinary remedy." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017).

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner seeking equitable tolling bears the burden of demonstrating that he is entitled to it." *Clemons v. Comm'r, Ala. Dep't of Corr.*, 967 F.3d 1231, 1241 (11th Cir. 2020). The petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Wheeler has not shown a causal connection between the law-library restrictions and the late filing of his federal habeas petition. The restrictions at South Bay occurred in 2020, which is *after* Wheeler's limitations period expired on October 23, 2018, and *after* Wheeler mailed his Rule 3.850 motion from South Bay on June 13, 2019. Thus, the restrictions did not prevent Wheeler from timely filing his federal habeas petition or a state-court application that could have qualified for statutory tolling. Because Wheeler has not established entitlement to equitable tolling or any other exception to the limitations bar, his untimely petition should be dismissed.

### III. A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 17, be **GRANTED**.

2. The amended petition for writ of habeas corpus, Doc. 7, challenging the judgment of conviction and sentence in *State of Florida v. Ladell Ladarius Wheeler*, Escambia County Circuit Court Case No. 2015-CF-2669, be **DISMISSED WITH PREJUDICE** because it is time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this <u>4th</u> day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to**

**challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**